MARIA S. MOFFATT and DAVID B. MOFFATT, Respondents, v. ZILLAH McLAUGHLIN Impleaded with ALFRED McLAUGHLIN, Appellant.

*Action of partition — allegations of complaint — Rule 78 of 1876 — demurrer.*

In an action for partition, in which one of the defendants was an infant, the complaint alleged that the land therein described was the only real estate owned in common *by the defendants.* The defendant demurred on the ground that it was not averred that the lands described in the complaint were the only lands owned in common *by the parties* as required by Rule 78 of the Rules of 1876.

*Held,* that the demurrer was properly overruled; that if the allegation was defective it was because of its uncertainty and the remedy was by motion and not by demurrer.

APPEAL by defendant, Zillah McLaughlin, from an order overruling defendant's demurrer to the complaint. The defendant Alfred McLaughlin was an infant at the time of the commencement of the action.

*M. B. Field,* for the appellant.

*S. K. & F. B. Wightman,* for the respondents.

Hun — Vol. XIII.     57

BRADY, J. :

This is an action for partition and one of the defendants is an infant. The complaint alleges that the land described is the only real estate owned in common by the defendants. The defendant Zillah McLaughlin demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and this proposition rests upon the ground that it should appear by proper averment that the lands described are the only lands owned in common by the parties as required by Rule 78 of this court, in force prior to January 1, 1878. The pleader, it will be perceived, averred the lands to be the only real estate owned in common by the defendants, instead of alleging that it was the only real estate owned by the parties. The demurrer was overruled, and properly.

The averment made was an attempt to conform to the rule mentioned, and the reasoning of the learned justice who presided at Special Term shows that the demurrer was not the mode of procedure, if the defendant demurring felt aggrieved. It was asked by him, " if the allegation referred to was true, how could the defendants own other lands in common with the plaintiff," and this demonstrated that the allegation, if assailable, was on account of its uncertainty only. The remedy was to make it more certain and definite. The imperfect averment of a material fact is not cause for demurrer. If the intention of the pleader is apparent, but the phraseology doubtful in effect, the remedy is by motion and not by demurrer.

It was clearly the intention of the pleader herein to conform to the rule, and perhaps logically he did so. It is unnecessary, however, to pursue the subject further. The order appealed from was right, and should be affirmed with ten dollars costs.

INGALLS, J., concurred.

DAVIS, P. J.:

I concur, except as to costs, which are not in such appeals limited to ten dollars.

Order affirmed with ten dollars costs